UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS STERN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:07-cv-5677 (JHR/JS) |
| MYLAN BERTEK PHARMACEUTICALS, INC., f/k/a BERTEK PHARMACEUTICALS, INC.; MYLAN PHARMACEUTICALS, INC. f/k/a MYLAN LABORATORIES, INC.; CARDINAL HEALTH 409, INC. f/k/a R.P. SCHERER CORPORATION; and GENPHARM, | : |
| Defendants. | : |

---

| | |
|---|---|
| KATHRYN FLOR, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 1:07-cv-5678 (JHR/JS) |
| MYLAN BERTEK PHARMACEUTICALS, INC., f/k/a BERTEK PHARMACEUTICALS, INC.; MYLAN PHARMACEUTICALS, INC. f/k/a MYLAN LABORATORIES, INC.; CARDINAL HEALTH 409, INC. f/k/a R.P. SCHERER CORPORATION; and GENPHARM, | : |
| Defendants. | : |

---

**MEMORANDUM OPINION & ORDER**

RODRIGUEZ, Senior District Judge:

These matters come before the Court on motions to remand to the Superior Court of New Jersey, Atlantic County. Because the two Plaintiffs filed their actions simultaneously against the same Defendants, in the interest of judicial economy, the Court will dispose of the companion cases collectively. For the following reasons, the Court will grant each Plaintiff's motion to remand.

## I. BACKGROUND

Nicholas Stern and Kathryn Flor ("Plaintiffs") separately, but simultaneously, filed actions in the Superior Court of New Jersey, Atlantic County, on November 20, 2007. On November 27, 2007, the Mylan Defendants ("Mylan") filed a petition to remove both actions to this Court. The next day, November 28, Defendant Cardinal Health 409, Inc. ("Cardinal 409") accepted service of the Plaintiffs' summonses and Complaints at its principal place of business in Somerset, New Jersey. On November 30, Mylan mailed its Notice of Removal to the Clerk of the Superior Court of New Jersey, Atlantic County. The notice was received and filed by the Clerk on December 3, 2007.

As a primary basis removing the cases, Mylan contended that Cardinal 409 was a Delaware corporation with its principal place of business in Ohio. (Def. Opp'n Br., p. 3.) This would have rendered removal of the actions proper, as no defendant would be a citizen of the forum state. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of both its state of incorporation and the state where it has its principal place of business). Plaintiffs, however, contend in the instant motions to remand that Cardinal 409 is a Delaware corporation with its principal place of business in New Jersey. (Pl. Flor's Br., p. 3.) Because a defendant is a citizen of the forum, Plaintiffs argue that the removal was inappropriate under 28 U.S.C. § 1441(b), which provides that actions may be removed on the basis of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Even if Cardinal 409 has its principal place of business in New Jersey, Mylan contends that the motion to remand should still be denied because Cardinal 409 was not properly "joined and served" at the time removal was effected. (Def. Opp'n Br., p. 3-4.)

-2-

This would satisfy § 1441(b), as no forum defendants would have been properly joined and served before the action was removed. Plaintiffs answer that such an interpretation of the statute frustrates Congressional intent. They argue the sole purpose of the "joined and served" requirement is to prevent forum defendants from being joined simply to block removal. (Pl. Stern's Brief, p. 10-11.) Nonetheless, Plaintiffs argue that even if the Court adopts Defendant's interpretation of the "joined and served" provision, the remand should still be granted, since Cardinal 409 was properly joined and served before removal became effective. (Pl. Stern's Brief, p. 12.) Plaintiffs posit that removal is incomplete until three steps found within 28 U.S.C. § 1446(d) are performed by the party seeking removal. Alternatively, Plaintiffs argue that the Superior Court was not divested of its jurisdiction until it received notice of removal from Mylan. Thus, Plaintiffs claim that because the Superior Court received notice after Cardinal 409 accepted service, the forum defendant was "joined and served" before removal was effected. In turn, Mylan argues that filing the removal petition in the District Court makes removal effective immediately, so removal was appropriate because it was effected before Cardinal 409 was joined and served.

## II. DISCUSSION

On a motion to remand, the removing party bears the burden of establishing all of the elements of federal subject matter jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "The Third Circuit mandates that all doubts are to be resolved against removal." *Russ v. Unum Life Ins.*, 442 F. Supp. 2d 193, 196 (D.N.J. 2006) (citing *Boyer*, 913 F.2d at 111 (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006 (3d Cir. 1987))). Thus, such a presumption against removal ensures

that Congress's intent to limit federal diversity jurisdiction is honored.  *See Samuel-Bassett v. KIA Motors America*, 357 F.3d 392, 396 (3d Cir. 2004).

**A.  Citizenship of Defendant Cardinal 409**

Assuming that Cardinal 409 was properly joined and served as a Defendant, Plaintiffs contend that because Cardinal 409 is a citizen of New Jersey, the forum defendant rule precludes removal of the suit.  *See* 28 U.S.C. § 1441(b) (actions may be removed on the basis of diversity of citizenship "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").  In opposition, Mylan argues that removal was proper because Cardinal 409 is not a citizen of New Jersey since it does not have a principal place of business in New Jersey, *see* 28 U.S.C. § 1332(c)(1).

The Court finds no merit in Mylan's position.  Cardinal 409 has repeatedly claimed to have a principal place of business in New Jersey.  *See* Pl. Stern's Exh. 5, Notice of Removal from *Dambaugh v. Mylan, Inc.,* No. 07-4411; *see also* Pl. Flor's Exh. 7,  Compl. filed in *Wyeth v. Ranbaxy Laboratories Ltd.*, No. 3:05-cv-02252 (GEB/JJH), Doc. [1], ¶ 1B.  Further, Mylan admits that Cardinal 409 is now known as "Catelent [sic] Pharma Solutions, Inc.," a corporation which has its principal place of business in New Jersey.  (Def.'s Opp'n Br., p. 3.)  Mylan does not contend that Catalent Pharma Solutions has merged with Cardinal 409, or even that the two names represent two separate entities.  Nor does Mylan allege that Cardinal 409 has been acquired, or otherwise relocated, by Catalent.  Mylan simply claims that Cardinal 409 is now known as Catalent Pharma, Inc., a corporation unnamed in the present action.  This Court cannot allow corporate defendants to control the forum of potential litigation simply by periodically

changing names.  *See generally Dandrea v. Malsbary Mfg. Co.*, 839 F.2d 163 (3d Cir. 1988) (acknowledging that a corporation sued under a former name "was never a non-existent entity; [but rather] it was a party called by its former name when it had taken a different name" and was thus the same entity legally).

Although Mylan points to Cardinal 409's Answer to the Complaint to establish citizenship, *see* Def.'s Opp'n Br., p.3, that document does not reveal where Cardinal 409's principal place of business is located.  *See* Cardinal 409's Answer, ¶ 9.  Notwithstanding the fact that a corporate name change has no impact on the corporation's identity, *see Dandrea*, 839 F.2d at 166, Cardinal 409 and Mylan both ultimately seem to recognize that Cardinal 409 and Catalent are one and the same.  Despite that Plaintiffs may have misnamed Cardinal 409, the corporation that Plaintiffs have sued maintains its principal place of business in New Jersey.[1]

In light of the strong presumption against removal, an evaluation of the record indicates that Mylan has not carried its burden in establishing Cardinal 409's citizenship.  Thus, this Court finds that Cardinal 409, now known as Catalent Pharma Solutions, Inc., does indeed have its principal place of business in New Jersey.  Therefore, the forum defendant rule prohibits removal so long as Cardinal 409 was properly joined and served before removal was effectuated.  *See* 28 U.S.C. § 1441(b).

**B.  Whether Removal was Barred by 28 U.S.C. § 1441**

As mentioned above, 28 U.S.C. § 1441 requires that Cardinal 409 was "properly joined and served" for removal to be barred.  The relevant language of the statute states:

---

[1] Any possible defect in the Defendants' names as recorded in the Complaint could certainly be remedied through an amendment filed in the Superior Court.

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2002) (emphasis added).  Mylan interprets the subsection straightforwardly, and insists that the forum defendant rule does not apply because Cardinal 409 had not yet been served at the time the petition for removal was filed.

On its face, the meaning of § 1441 is clear.  Mylan filed its petition for removal with this Court one day before Cardinal 409 was served with process in the New Jersey state action.  The forum defendant rule does create an opportunity for procedural gamesmanship on the part of plaintiffs attempting to keep actions in state courts.  *See Fields v. Organon USA, Inc.*, No. 07-2922, 2007 WL 4365312, *3 (D.N.J. Dec. 12, 2007).  Thus, as other courts have pointed out, "[t]he purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).  In this case, however, Plaintiffs are not attempting to manipulate the judicial system, as the record indicates they had every intention of serving Cardinal 409.  (Pl. Flor's Br. Supporting Motion for Remand, p. 6-7.)

The Court recognizes that a purpose of diversity jurisdiction is to avoid prejudice against out of state defendants.  While this concern is abrogated by the presence of a forum defendant, "[i]t is . . . [, however,] well settled that a non-forum defendant will

not necessarily be barred from removal by the forum defendant rule where a forum defendant is joined, but not served." *Fields*, 2007 WL 4365312 at *4.  This is not a case where Cardinal 409, the forum Defendant, has effected removal in an attempt to avoid being served in the state proceeding.  Rather, Mylan was placed on notice of an action pending in State court and petitioned to remove said action to this Court.  Since the forum Defendant was not yet served, section 1441 did not bar removal at the time, notwithstanding any potential unfairness that may have resulted from the lag time created by New Jersey's Tracking Assignment Notification system.

## C.  Whether Removal was Barred by 28 U.S.C. § 1446

As outlined above, 28 U.S.C. § 1441 does not preclude removal when a forum defendant is joined, but not served.  Because Cardinal 409 received service, however, and was not joined simply to defeat removal, it is necessary to determine when removal was actually completed.  The parties disagree on this issue, which is governed by § 1446:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d) (2002).  Mylan argues that the state court's jurisdiction is divested immediately upon the defendant's filing of the petition for removal with the district court.  Thus, on one hand Mylan implores the Court to observe and effectuate the words "and served" found in § 1441(b), but on the other, Mylan seems to be asking the Court to disregard almost all of § 1446(d).  The Court disagrees with Mylan's interpretation, and therefore will grant Plaintiffs' motions to remand.

While the Third Circuit has not directly commented, there are three prevailing views as to when removal is complete. Some courts do in fact adopt Mylan's view that removal is effected merely by filing the notice of removal in the district court. *See First Nat'l Bank v. Johnson & Johnson*, 455 F. Supp. 361 (E.D. Ark. 1978). Other jurisdictions have held that the state and federal courts have concurrent jurisdiction until notice is filed with the state court. *See, e.g.*, *Berberian v. Gibney*, 514 F.2d 790, 792-3 (1st Cir. 1975) (stating that jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until that process is completed). Most jurisdictions, however, "hold that removal is effected by filing a copy of the notice of removal in the state court." *See Anthony v. Runyon*, 76 F.3d 210, 213 (8th Cir. 1996). In fact, the Eighth Circuit specifically stated that "[t]he only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time." *Id.* at 214. This Court agrees.

Section 1446(d) is another case of a clear manifestation of Congress's will. Under the statute, removal is effected after the defendant meets three procedural steps: filing with the federal court, notifying all adverse parties, and filing a copy of such notice in the state court. *See Jeffery v. Cross Country Bank*, 131 F. Supp. 2d 1067, 1069 (E.D. Wis. 2001). This sentiment has been echoed in our own district. *See La Maina v. Brannon*, 804 F. Supp. 607, 613 (D.N.J. 1992) (stating that it is more consistent with the language of Section 1446(d) to hold removal *ineffective until all the steps required by the federal statute have been taken*) (emphasis added).

The Court recognizes that in *La Maina*, and in fact most other cases that have

dealt with this issue, the question arose under jurisdictional disputes. Nevertheless, simply because the Superior Court of New Jersey has not yet issued any dispositive ruling, the fundamental rule concerning when removal is effectuated has not been altered. This Court also recognizes that Mylan's notification of the removal was indeed "prompt" under any interpretation of § 1446. Yet the fact remains that during the interim between when the petition was filed with this Court and when the Superior Court was notified of the removal, the forum Defendant received service of process. Accordingly, Cardinal 409, a forum defendant, came to be properly joined and served *before* the removal was effectuated. Pursuant to the forum defendant rule stated in § 1441(b), removal was inappropriate. Therefore, the motions to remand will be granted.

### III. CONCLUSION

For the above reasons, Plaintiffs' motions to remand their respective cases back to the Superior Court of New Jersey, Atlantic County are hereby granted. As such,

IT IS ORDERED on this 29th day of July, 2008, that the motion of Plaintiff Nicholas Stern to remand Civil Action No. 1:07-cv-5677 (JHR/JS) back to the Superior Court of New Jersey, Atlantic County is hereby GRANTED.

IT IS FURTHER ORDERED that the motion of Plaintiff Kathryn Flor to remand Civil Action No. 1:07-cv-5678 (JHR/JS) back to the Superior Court of New Jersey, Atlantic County is hereby GRANTED.

       /s/ Joseph H. Rodriguez
       JOSEPH H. RODRIGUEZ
       United States District Judge